**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 00-60050**

**KADE MASCARELLA,**

**Plaintiff-Appellant,**

**versus**

**UNITED STATES FIDELITY AND GUARANTY COMPANY,**

**Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Southern District of Mississippi**
**(98-CV-289)**

February 24, 2003

Before BARKSDALE and BENAVIDES, Circuit Judges, and VELA[1], District Judge.

PER CURIAM:[2]

For this diversity action, at issue was a determinative, but as of then unanswered, question of Mississippi law. On 30 October 2000, by unpublished opinion, we certified that question to the Mississippi Supreme Court: "Under Mississippi law, is an injured insured entitled to stack the underinsured motorist coverage of

---

[1]Senior District Judge of the Southern District of Texas, sitting by designation.

[2]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

other vehicles covered under his fleet policy thereby making the third-party tortfeasor's vehicle an underinsured motor vehicle?"

The Mississippi Supreme Court accepted our certification and rendered an en banc opinion on 22 October 2002, with rehearing denied on 2 January 2003. ***Masceralla v. United States Fidelity and Guaranty Co***., No. 2000-FC-01838-SCT (Miss. 2002), *reh'g denied*, 2 January 2003. The Mississippi Supreme Court answered: a fleet policy *owner* may stack the underinsured motorist coverage of other vehicles; in this case, however, because the insurance policy was owned by Mascarella's employer, Mascarella cannot stack the coverage. ***Id***. at 9-10.

Accordingly, the summary judgment awarded United States Fidelity and Guaranty Company is **AFFIRMED**, and this matter is **REMANDED** to district court for any additional proceedings, consistent with this opinion, as may be required.

*AFFIRMED; REMANDED*